# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MARTIN K. EBY CONSTRUCTION
CO., INC.
            Plaintiff,

vs.                                                    Case No. 3:03-cv-41-J-32TEM

JACKSONVILLE TRANSPORTATION
AUTHORITY, a body politic and corporate,

            Defendant.

_____

## <u>ORDER</u>

Before the Court is defendant Jacksonville Transportation Authority's ("JTA")
Proposed Bill Of Costs (Doc. 220), plaintiff Martin K. Eby Construction Co., Inc.'s
("Eby") response (Doc. 225), and  a Joint Statement Regarding Taxable Costs (Doc.
230), in which the parties agreed and requested that the Court enter an Order taxing
JTA's costs to be paid by Eby in the amount of $68.000.00

Judgment was entered in this case on March 30, 2005 in favor of JTA on Eby's
claims for damages arising from Eby's construction of 2.1 miles of highway and
bridges for the JTA.  (Docs. 167, 168.)  The judgment was affirmed on April 26, 2006.
<u>Martin K. Eby Construction Co. v. Jacksonville Transportation Authority</u>, 178 Fed.
Appx. 894 (11th Cir. 2006)(unpublished opinion).

1

On July 7, 2006, the Court denied JTA's Motion for Attorneys' Fees and Costs brought pursuant to Florida's offer of judgment statute, Section 768.79, Florida Statutes, and directed JTA, as prevailing party in the underlying litigation, to file its application for costs pursuant to Rule 54(d), Federal Rules of Civil Procedure, and Eby to respond thereto.  (Doc.  219.)   JTA filed its Proposed Bill Of Costs, Eby responded, (Docs. 220, 225), and the Court entered an Order encouraging the parties to reach agreement as to taxable costs  (Doc. 227), which they have now done.  (Doc. 230.)  In the interim, on August 4, 2006, JTA filed a Notice of Appeal of the Court's July 7, 2006 Order denying attorneys' fees and costs pursuant to Section 768.79, Florida Statutes.  (Doc. 224.)

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal.  The exception to this general rule is that the notice of appeal does not divest the Court of jurisdiction over collateral matters not affecting the questions presented on appeal.  Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003);  Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush, 261 F.3d 1037, 1064-65 (11th Cir. 2001).  Cf. Rothenberg v. Security Management Co., 677 F.2d 64 (11th Cir. 1982)("costs may be taxed after a notice of appeal has been filed"); Fed R. Civ. P. 54 advisory committee's note 1993 Amendments ("[i]f an appeal on the merits of a case is taken, the court may rule on a claim for fees . . ." ).

Here, the JTA is indisputably the prevailing party on the merits of Eby's claim.

2

The matter on appeal, whether JTA is entitled to fees and costs pursuant to, Section 768.79, Florida Statutes, is collateral to the merits which are resolved.  Thus, despite the fact that a portion of this case is on appeal, the Court finds that it does have jurisdiction to award costs to JTA as prevailing party in the underlying action pursuant to Rule 54(d), Federal Rules of Civil Procedure.

Upon due consideration, and in accordance with the Joint Statement Regarding Taxable Costs (Doc. 230), it is hereby

**ORDERED**:

1.      Jacksonville Transportation Authority's  ("JTA") Proposed Bill Of Costs (Doc. 220) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

2.      The Clerk is Ordered to enter a Costs Judgment in favor of defendant Jacksonville Transportation Authority, JTA, and against plaintiff Martin K. Eby Construction Co., Inc. in the amount of $68,000.

**DONE AND ORDERED** at Jacksonville, Florida, this 2d day of October, 2006.

**TIMOTHY J. CORRIGAN**
United States District Judge

j.
Copies to:
Counsel of Record

3